# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANE REIMERS, | ) | 1:10-cv-00763-SMS (PC) |
|         Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CDCR, et al. | ) | (Doc. 1) |
|         Defendants. | ) | |

**I.   SCREENING ORDER**

Plaintiff, Diane Reimers, ("Plaintiff") was a state prisoner who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed her Complaint on April 22, 2010 in the Sacramento division of this Court.  (Doc. 1.)  The case was transferred to this Court on April 30, 2010.  (Doc. 4.)

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Complaint

Plaintiff's Complaint is not signed and is incomplete – it does not contain any statement of the claims that she intends to allege. Plaintiff's Complaint is made up of the first two pages of a complaint form accompanied by several pages of medical records.

Every pleading, written motion, and any other papers submitted to the court must be signed. Local Rule 131; Fed. R. Civ. P. 11(a). Since Plaintiff has not signed her Complaint, and apparently needs to compose and submit her statement of claims, Plaintiff fails to state a cognizable claim, but may be able to amend to correct the deficiencies in her Complaint. Thus, she is being given the general pleading requirements, the general standard for a claim of deliberate indifference to her serious medical needs based on the fact that she submitted medical records as exhibits to her unsigned Complaint, and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) *accord Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Twombly*, 550 U.S. at 555, *accord Iqbal*, 129 S.Ct. at 1949.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal.* at 1949; *see also Moss v. U.S. Secret Service*, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009); *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556-557.

If she chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible.  She should merely state which of her constitutional rights she feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that

3

1  demonstrates a violation of Plaintiff's federal rights. Plaintiff must specify which Defendant(s)
2  she feels are responsible for each violation of her constitutional rights and the factual basis as
3  her Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See*
4  *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Claims are not related simply because they allege the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants. Claims are related where they are based on the same precipitating event; a series of related events caused by the same precipitating event; and/or a similarity of named defendants.

### D.   **Claim Standard**

#### 1. Deliberate Indifference to Serious Medical Needs

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at

1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. *Farmer*, 511 U.S. at 834. However, "the officials' conduct must constitute ' " 'unnecessary and wanton infliction of pain' " ' before it violates the Eighth Amendment. *Hallett v. Morgan* 296 F.3d 732, 745 (2002) *quoting Estelle*, 429 U.S. at 104 (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care "the indifference to [her] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (*quoting Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (*quoting Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

**2. Supervisory Liability**

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds

a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 129 S.Ct. at 1949.  "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id*.  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 2009 WL 2052985, *5 (*quoting Iqbal,* 126 S.Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555)).  "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion-even if that conclusion is cast in the form of a factual allegation." *Id.*

## II. **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions

complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file


a first amended complaint curing the deficiencies identified by the Court in this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 18, 2010                              /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE