# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE REIMERS,<br><br>           Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-00763-SKO PC<br><br>ORDER DENYING MOTION TO STAY CASE<br><br>(Doc. 13)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF AN APPLICATION TO PROCEED IN FORMA PAUPERIS, AND REQUIRING PLAINTIFF TO EITHER FILE A SIGNED IFP APPLICATION OR PAY FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>(Doc. 2) |

      Plaintiff Diane Reimers, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 22, 2010. On August 6, 2010, the action was dismissed, without prejudice, based on Plaintiff's failure to file an amended complaint in compliance with the Court's order of May 20, 2010. On August 27, 2010, Plaintiff filed an amended complaint which included her statement that she was given an incorrect mailing address by the prison's law library. Based on that information, the Court found it in the interest of justice to set aside judgment and reopen this case, and the case was reopened on December 8, 2010. Fed. R. Civ. P. 60(b)(6). On January 3, 2011, Plaintiff filed a motion seeking to stay the reopening of the case pending exhaustion of the state remedies.

      Plaintiff references the Fifth District Court of Appeal in her motion and it is not clear what proceeding she initiated in that court or how it might affect this case, as Plaintiff is required to

exhaust her civil rights claims in this action by utilizing the prison's inmate appeals process. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Regardless, the Court cannot stay this action pending exhaustion. Plaintiff must exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney, 311 F.3d at 1199-1201. Therefore, Plaintiff's motion to stay is denied.

If Plaintiff is no longer interested in pursuing this action, she may file a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). If Plaintiff wants to proceed with this action at this time, the Court will screen her amended complaint upon receipt of a complete application to proceed in forma pauperis or the $350.00 filing fee.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay, filed January 3, 2011, is DENIED;
2. The Clerk's Office shall send Plaintiff an application to proceed in forma pauperis;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a signed application to proceed in forma pauperis or pay the $350.00 filing fee in full; and
4. The failure to comply with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

**Dated:** April 15, 2011                /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The in forma pauperis application filed by Plaintiff on April 22, 2010, is missing the signature page, which precludes the Court from granting it. Plaintiff need not submit another copy of her trust account statement, as that was included with the original application.