# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE REIMERS, | CASE NO. 1:10-cv-00763-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO |
| v. | STATE A CLAIM UNDER SECTION 1983 |
| CDCR, et al., | (Doc. 19) |
| Defendants. | ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |
| _____/ | |

## Screening Order

### I.  Procedural History

Plaintiff Diane Reimers, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 22, 2010.  On May 20, 2010, the Court dismissed Plaintiff's complaint, with leave to amend within thirty days.  On August 6, 2010, the case was dismissed after Plaintiff failed to comply with the order to amend.  Plaintiff filed a motion seeking reconsideration and an amended complaint on August 27, 2010, and the case was reopened on December 8, 2010.  On June 9, 2011, the Court dismissed Plaintiff's first amended complaint with leave to amend.[1]  Now pending before the Court is Plaintiff's second amended complaint, filed on July 5, 2011.

///

---

[1] Because Plaintiff's original complaint was unsigned and it did not set forth a statement of claim, the June 9 order was the first screening order to address Plaintiff's factual allegations and the Court deemed it in the interest of justice to permit Plaintiff another opportunity to amend.

## II.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## III.    Plaintiff's Eighth Amendment Medical Care Claim

### A.      Summary of Allegations

Plaintiff, who is incarcerated at Valley State Prison for Women (VSPW) in Chowchilla, brings this action against the California Department of Corrections and Rehabilitation (CDCR), VSPW physician K. Toor, and Madera Hospital physicians Jagder Singh and Joselito Syfu for

injuries she sustained during a throat biopsy and which were then exacerbated by the delay in diagnosis and treatment.

Plaintiff was referred to Madera Hospital for a throat biopsy by Defendant Toor. The biopsy was conducted on April 16, 2008, by Defendant Singh and Defendant Syfu was the anesthesiologist present during the surgery. After the biopsy was completed and Plaintiff woke up, Defendant Singh asked her if she had any problems with her neck prior to the biopsy and whether she had arthritis in her neck. Defendant Singh told her that they had problems positioning her neck for the biopsy and that she should have her neck checked for arthritis.

Plaintiff's health began to decline following the biopsy and she began experiencing headaches; neck and upper extremity pain; loss of mobility in her neck, arms, and legs; spasms; stiffness; numbness in her hands and feet; loss of hand strength; the inability to grip or pick up things; vertigo; incontinence; and shortness of breath. Plaintiff pursued medical care for these health problems and she was seen repeatedly by Defendant Toor. Despite her complaints, which included stating that she may have suffered neck trauma during the biopsy, Plaintiff's neck was not checked for trauma and no x-rays or MRIs were ordered. Plaintiff underwent various screening tests for issues such as e-coli, cholesterol, hepatitis, diabetes, Scleroderma, HIV, and anemia in an effort to determine the cause of Plaintiff's health problems, but she was not evaluated for her concern about neck trauma.

On January 20, 2009, Plaintiff was seen on an urgent care basis for swelling and pain in her hands, numbness in her feet, vertigo, extreme neck pain, and numbness in her upper and lower extremities. A Scleroderma test was ordered, but it came back negative, and x-rays were ordered but never taken.

During this time, Plaintiff continued to be evaluated by Defendant Singh for throat problems and he stayed in contact with prison officials, including about a possible tonsillectomy. In a March 9, 2009, letter concerning a follow-up appointment, Defendant Singh wrote that Plaintiff was being evaluated for Scleroderma even though Plaintiff had already tested negative several times. On July 20, 2009, Defendant Singh sent another letter after seeing Plaintiff and recommended that she

///

receive an MRI of her neck and cervical spine due to her complaints of weakness in her arms and legs.  However, CDCR did not authorize the MRI until November 9, 2009.

Once Plaintiff had an MRI, it showed trauma to her neck and she was seen on December 9, 2009, for an urgent neurology consultation.  On December 15, 2009, Plaintiff participated in a tele-med appointment with Dr. Mensink of the Bakersfield Neuroscience and Spine Institute.  Dr. Mensink recommended that Plaintiff be placed in a cervical collar to prevent further damage and be assessed for immediate cervical surgery.

Plaintiff was diagnosed with severe disc protrusion and separation in her neck, which was causing discs to bulge in areas and compress the nerves in her spinal cord and at the base of her neck, resulting in degenerative changes in her cervical vertebrae and spinal cord.  The compression was causing Plaintiff pain when she moved, loss of mobility, spasms, stiffness, numbness, loss of strength, the inability to grip things, and blockage of spinal fluid to the brain stem.  Plaintiff's health deteriorated following a simple biopsy on April 16, 2008, and due to the length of time it took to properly diagnose her,  Plaintiff was permanently disabled.  Although she has had surgery, Plaintiff still suffers from constant pain, numbness, tingling, and swelling in her arms, shoulders, elbows, wrists, hands, and fingers, and she experiences skin sensations ranging from freezing cold to very hot.  Plaintiff has trouble writing more than one paragraph at a time, getting dressed, tying her shoes, and fastening her bra; her biceps and triceps sag because she is unable to use her arms like she used to; her upper extremities feel numb or tingly; she has numbness in her feet and pain in her left foot; and she suffers from foot drag at times.  Plaintiff is also incontinent and she has suffered some brain damage due to the compromised passage of fluid and oxygen to her brain.

   **B.**   **Discussion**

      **1.**   **CDCR**

Plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Accordingly, CDCR is entitled to dismissal of the claim against it.

1          2.      **Defendants Singh, Syfu, and Toor**

2               a.      **Legal Standard**

3          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

4    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

5    (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two-part

6    test requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat

7    a prisoner's condition could result in further significant injury or the unnecessary and wanton

8    infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett,

9    439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

10   other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

11   quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to

12   a prisoner's pain or possible medical need, and harm caused by the indifference," and it may be

13   manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

14   it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096

15   (citing McGuckin, 974 F.2d at 1060 (internal quotations omitted)).  Where a prisoner is alleging a

16   delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner

17   to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060

18   (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

19              b.      **Discussion**

20         "[T]he existence of an injury that a reasonable doctor would find important and worthy of

21   comment or treatment, . . . the presence of a medical condition that significantly affects an

22   individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of

23   a serious medical need.  Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citation

24   omitted); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  Unquestionably, Plaintiff's

25   allegations concerning her neck injury and the resulting pain, suffering, and permanent disabilities

26   are sufficient to support a claim that she had a serious medical need.  Lopez, 203 F.3d at 1131; Doty,

27

28

                                                  5

1   37 F.3d at 546 n.3.  In addition to a serious medical need, however, Plaintiff's allegations must be

2   sufficient to show that each of the named defendants acted with deliberate indifference to that need.

3   Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

4          "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

5   (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

6   which the inference could be drawn that a substantial risk of serious harm exists,' but that person

7   'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S.

8   825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was

9   not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

10  (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

11         Here, Defendant Singh performed the initial throat biopsy and Defendant Syfu was the

12  anesthesiologist for the procedure.  Assuming that Plaintiff's neck was injured during the procedure

13  by one or both of the defendants and the injury caused the problems described, there are no facts to

14  support a claim that either defendant knowingly disregarded a substantial risk of harm to Plaintiff.

15  There is no suggestion that either defendant intentionally injured Plaintiff and to the extent that they

16  may have been negligent, negligence does not support a medical care claim under section 1983.

17  Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059.

18         Similarly, there are no facts to support a claim that Defendant Toor acted with deliberate

19  indifference.  Defendant Toor saw Plaintiff regularly for her complaints and numerous tests were

20  ordered.  Although Plaintiff alleges that x-rays and an MRI should have ordered sooner and that the

21  delay in properly diagnosing her caused further injury, Plaintiff's disagreement with the course of

22  treatment pursued by Defendant Toor is insufficient to support a claim.  Franklin v. Oregon, 662

23  F.2d 1337, 1344 (9th Cir. 1981).

24         The Court does not minimize Plaintiff's suffering and it accepts as true Plaintiff's allegations

25  that she has sustained permanent, life changing injuries.  However, there are simply no facts alleged

26  to support a claim that Defendant Toor chose a medically unacceptable course of treatment and that

27

28

he did so in conscious disregard of an excessive risk to Plaintiff's health.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (quotation marks omitted).  While this is the pleading stage, Plaintiff must nevertheless set forth sufficient facts to support a plausible claim for relief.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.  The mere possibility of misconduct is not sufficient, as previously stated, and the Court finds that Plaintiff's allegations fail to state a claim against Defendants Singh, Syfu, and Toor.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

**IV.    Conclusion and Order**

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided notice of the deficiencies and an opportunity to amend, and based on the record, further leave to amend is not warranted.  <u>Lopez</u>, 203 F.3d at 1130; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  The Court expresses no opinion on the potential merits of a medical malpractice claim brought in state court.  The Court finds only that Plaintiff has not stated a claim under section 1983 for violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED that:

1.      This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

2.      This dismissal shall count as a strike under 28 U.S.C. § 1915(g).


IT IS SO ORDERED.

**Dated:    July 11, 2011**                          **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE